UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHANGHAI FOSUN PHARMACEUTICAL (GROUP) CO., LTD., <br><br> Petitioner, <br><br> -against- <br><br> DR. JOHN HAJJAR, et al., <br><br> Respondents. | |

1:22-cv-08269 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

This case has been assigned to me for all purposes.  On September 28, 2022, Petitioner

filed a petition seeking confirmation of an arbitration award.  *See* ECF No. 1 ("Petition").

Petitioner asserts that jurisdiction in this Court is proper by reason of diversity of citizenship,

pursuant to 28 U.S.C. § 1332.  *See id.* ¶ 3.  Petitioner alleges that Petitioner is a limited liability

company formed under the law of the People's Republic of China and has its principal place of

business in Shanghai, China.  *See id.* ¶ 1.  Petitioner alleges that Respondent John Hajjar

("Hajjar") is a resident of New Jersey, that Respondent Sovereign Medical Services, Inc.

("SMS") is organized under the laws of Delaware with a principal place of business in New

Jersey, and that Respondent Sovereign Capital Holdings, LLC ("SCH") is a Delaware limited

liability company wholly owned by Hajjar with a principal place of business in New Jersey.  *See*

*id.* ¶ 2.

For purposes of diversity jurisdiction, a limited liability company is deemed to be a

citizen of each state of which its members are citizens.  *See Handelsman v. Bedford Vill. Assocs.*

*L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000).  The place of incorporation and principal place of

business of a limited liability company is not relevant to determining citizenship for diversity

jurisdiction.  *See Mackason v. Diamond Fin. LLC*, 347 F. Supp. 2d 53, 55 (S.D.N.Y. 2004) (allegations of a limited liability company's "principal places of business are irrelevant to diversity analysis").  "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile. . . [in other words] the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning."  *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53 (2d Cir. 2019).  "[E]vidence of *residence* is insufficient to establish domicile."  *Id*. at 54.  *See Lue v. JPMorgan Chase & Co.*, No. 21-892, 2022 WL 1146219, at *1 (2d Cir. Apr. 19, 2022) (same).  In the present case, Petitioner fails to allege the citizenship of all parties.

Accordingly, IT IS HEREBY ORDERED that, on or before **October 14, 2022**, Petitioner shall amend its Petition to allege the citizenship of all parties, including by alleging the citizenship of each constituent member of any limited liability company.  If, by that date, Petitioner is unable to amend its Petition to allege complete diversity of citizenship, the action may be dismissed for lack of subject-matter jurisdiction without further notice to the parties.

IT IS FURTHER ORDERED that Petitioner's Motion to Confirm Arbitration (ECF No. 7) is denied without prejudice to refile after the Court is satisfied that it has subject-matter jurisdiction.

Finally, Petitioner has docketed affidavits of service on Respondents Hajjar, SCH, and Sovereign Medical Services, Inc. ("SMS").  *See* ECF Nos. 17-19.  The affidavit of service on Hajjar (ECF No. 19) does not specify that all of the documents Petitioner served on SMS and SCH were served on Hajjar.  Petitioner shall, by **October 11, 2022**, file an affidavit of service specifying that all documents served on SMS and SCH have been served on Hajjar.  Petitioner is

also directed to, by **October 11, 2022**, serve on Respondents a copy of this Order and file proof

of such service on the docket.

Dated:  October 5, 2022
        New York, New York

SO ORDERED.

*Jennifer Rochon*

JENNIFER L. ROCHON
United States District Judge