UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHANGHAI FOSUN PHARMACEUTICAL (GROUP) CO., LTD.,

                        Petitioner,

            -against-

DR. JOHN HAJJAR, et al.,

                        Respondents.

Case No. 1:22-cv-08269 (JLR)

**MEMORANDUM OPINION AND ORDER**

---

JENNIFER L. ROCHON, United States District Judge:

Petitioner Shanghai Fosun Pharmaceutical (Group) Co., Ltd. ("Fosun") seeks confirmation of an arbitration award and pre-judgment and post-judgment interest against Respondents Dr. John Hajjar ("Dr. Hajjar"), Sovereign Medical Services, Inc. ("SMS") and Sovereign Capital Holdings, LLC ("SCH") (together, "Respondents"). ECF No. 21 (the "Amended Petition" or "Am. Pet."). Respondents moved to vacate the arbitration award and dismiss the Amended Petition. Because the case is stayed as to Dr. Hajjar, this order applies only to Respondents SMS and SCH. For the following reasons, Fosun's Amended Petition and motion to confirm the arbitration award against SMS and SCH is GRANTED, and SMS and SCH's motion to vacate the arbitration award is DENIED.

## BACKGROUND

### I. The Agreements

The following facts are taken from Fosun's Amended Petition. *See* Am. Pet.

On March 10, 2015, Fosun and SMS entered into two agreements: The Stock Purchase Agreement (the "SPA") and the Investor Rights Agreement (the "IRA") (together,

1

the "Agreements"). *Id.* ¶ 6. Pursuant to the Agreements, Fosun purchased shares of common stock in SMS. *Id.* ¶ 7. As part of that transaction, Fosun bargained for certain protections, including the right to exercise a put option if SMS failed to achieve certain financial milestones (the "Put Option"). *Id.* If SMS's Consolidated Adjusted EBITDA (as defined in the SPA) for a given fiscal year fell below the Target EBITDA (also defined in the SPA) by at least 10%, then Fosun could exercise the Put Option. *Id.* ¶ 8. The Put Option allowed Fosun to elect SMS, SCH, or Dr. Hajjar to purchase some or all of its shares at a price per share equal to the original price paid by Fosun plus 5% annual compounded interest accruing from January 1 of the first year in which SMS failed to achieve the required financial milestones until the date of the actual payment (the "Put Price"). *Id.* If Fosun decided to exercise the Put Option, it was required to deliver a written notice to SMS (the "Put Option Notice"). *Id.* The Put Option was due and payable to Fosun within 30 days of the delivery of the Put Option Notice. *Id.*

SMS's Consolidated Adjusted EBITDA fell below the Target EBITDA by at least 10% in both 2016 and 2017. *Id.* ¶ 9. On January 15, 2019, Fosun sent SMS a Put Option Notice. *Id.* ¶ 10. Respondents failed to pay Fosun the amount required by the exercise of the Put Option within 30 days of the Put Option Notice's delivery. *Id.* ¶ 11.

## II. The Arbitration

The IRA and SPA each contained binding arbitration clauses and New York choice-of-law provisions. *Id.* ¶¶ 12-13. On February 19, 2019, Fosun filed a demand for arbitration against Respondents with the American Arbitration Association ("AAA") to recover the Put Price. *Id.* ¶ 14. Fosun demanded its initial investment amount of $40 million plus 5% annual compound interest from January 1, 2016, as well as attorney's fees, interest, and arbitration costs. *Id.* Following discovery and briefing, an arbitration hearing was held on July 13-14,

2021, during which the parties presented fact and expert testimony. *Id.* ¶¶ 15-20. After the hearing, the parties submitted post-hearing briefs to the arbitrator. *Id.* ¶ 21.

On December 10, 2021, the arbitrator issued an Interim Award in favor of Fosun (the "Interim Award"), providing that Fosun was entitled to the Put Price of $40 million plus compound interest on that amount at 5% running from January 1, 2017. *Id.* ¶¶ 22-25. The Interim Award provided that Fosun is entitled to elect which of the Respondents perform that redemption. *Id.* ¶ 25. The Interim Award also noted that the prevailing party is entitled to recover its fees and costs (including attorney's fees) from the other party or parties. *Id.* ¶ 26. Fosun submitted a formal request for attorney's fees and costs on January 14, 2022; that same day, Respondents filed objections to the Interim Award. *Id.* ¶ 27. The parties subsequently submitted further briefing on the issues. *Id.*

On May 25, 2022, the arbitrator issued a second interim award, which denied Respondents' objections to the Interim Award and established that the only outstanding issue was Fosun's request for fees, costs, and disbursements ("Second Interim Award"). *Id.* ¶ 28. Following further correspondence and additional submissions, on July 6, 2022, the arbitrator deemed the record full and closed. *Id.* ¶¶ 29-31.

On August 5, 2022, the arbitrator issued final award (the "Final Award"). *Id.* ¶ 32. The Final Award determined, among other things, that Fosun was entitled to the Put Price of $40 million plus compound interest on that amount at 5% running from January 1, 2017, and that Fosun was entitled to elect which of the three Respondents perform that redemption. *Id.* ¶ 34. The Final Award also awarded Fosun fees, costs, disbursements, administrative fees, and arbitrator compensation, for which the three Respondents were jointly and severally liable. *Id.*; *see also id.* ¶¶ 36-38 (describing post-Final Award briefing and clarifications from the arbitrator). Following the correction of a clerical error, the Final Award entitled Fosun to

3

the Put Price of $40 million, plus interest on that amount at a rate of 5% per annum calculated daily running from January 1, 2017, plus $1,437,051.67 in attorney's fees, $419,821.46 in costs and disbursements, and $190,637.50 for the reimbursement of AAA administrative fees and arbitrator compensation. *Id.* ¶¶ 32-38.

### III.  The Present Action

On October 11, 2022, Fosun filed the Amended Petition pursuant to section 9 of the Federal Arbitration Act (the "FAA").  Am. Pet.  On November 1, 2022, Fosun moved to confirm the arbitration award.  ECF No. 27.  On November 4, 2022, Respondents moved to vacate the arbitration award and dismiss the Amended Petition.  ECF Nos. 32-33.  On December 6, 2022, Fosun opposed Respondents' motion to vacate the arbitration award and replied in further support of its Amended Petition.  ECF Nos. 35-36.  Respondents replied on December 20, 2022.  ECF No. 37.  On January 4, 2023, Respondents filed a letter requesting oral argument and noting that Fosun declined to consent to their request.  ECF No. 38.[1]

On June 22, 2023, Fosun submitted a letter alerting the Court that Dr. Hajjar had filed for Chapter 11 bankruptcy on June 9, 2023, and that this action was therefore automatically stayed as to Dr. Hajjar but not as to the two remaining Respondents, SMS and SCH.  ECF No. 39.  On June 23, 2023, the law firm Frier Levitt, LLC filed a motion to withdraw as counsel of record for all Respondents.  ECF No. 43.

On July 17, 2023, the Court granted the motion for Frier Levitt, LLC to withdraw as counsel of record, subject to the firm first serving the Court's order on Respondents and filing

---

[1] The Court declines to hold oral argument.  SMS and SCH are no longer represented by counsel and cannot proceed *pro se*, as further explained herein.  Moreover, the briefing that the Court considered was sufficient and oral argument would not materially assist the Court. *See Dotson v. Griesa*, 398 F.3d 156, 159 (2d Cir. 2005) (noting that "a district court acts well within its discretion in deciding dispositive motions on the parties' written submissions without oral argument").

a letter with Respondents' contact information.  ECF No. 44.  The Court also advised that SMS and SCH cannot proceed *pro se* as corporate entities, ordered SMS and SCH to retain replacement counsel, and directed counsel to file a notice of appearance by August 14, 2023.  *Id.*  No notice of appearance for counsel for SMS and SCH was filed by that date.  On August 15, 2023, the Court again ordered SMS and SCH to obtain counsel and directing that counsel file a notice of appearance within 45 days.  ECF No. 47.

On August 17, 2023, Fosun filed a supplemental memorandum of law seeking confirmation of the arbitration award against Respondents SMS and SCH, despite their failure to obtain counsel.  ECF No. 48-1.  On October 2, 2023, Fosun filed a letter further requesting that the Court proceed to confirm the arbitration award against SMS and SCH.  ECF No. 51.

On November 14, 2023, the Court ordered that SMS and SCH show cause why the Court should not dismiss their motion to vacate the arbitration award and dismiss the Amended Petition (ECF Nos. 32, 33) for failure to prosecute, as neither party had responded to earlier Court orders and SMS and SCH cannot pursue their motion without counsel.  ECF No. 52.  Given the unresponsiveness of SMS and SCH, the Court further ordered that SMS and SCH show cause why the Court should not treat Fosun's Amended Petition as unopposed.  *Id.*  The Court ordered that if the Court did not receive any communication from Respondents SMS and SCH by November 21, 2023, the Court would dismiss the motion to vacate as to SMS and SCH and deem Fosun's Amended Petition unopposed as to SMS and SCH.  *Id.*  To date, no notice of appearance has been filed by counsel for either SMS or SCH, and neither party has contacted the Court.

## DISCUSSION

### I. Standard of Review

Since "[a]rbitration awards are not self-enforcing, they must be given force and effect by being converted to judicial orders by courts." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006) (quotation marks and citation omitted). Under the FAA, any party to an arbitration proceeding may apply for a judicial decree confirming the award, which a court "must grant . . . unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. In most cases, "confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" *D.H. Blair & Co.*, 462 F.3d at 110 (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)); *accord Beijing Shougang Mining Inv. Co. v. Mongolia*, 11 F.4th 144, 160 (2d Cir. 2021).

An award should be confirmed, "despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *Landau v. Eisenberg*, 922 F.3d 495, 498 (2d Cir. 2019) (per curiam) (quoting *Landy Michael Realty Corp. v. Loc. 32B-32J Serv. Emps. Int'l*, 954 F.2d 794, 797 (2d Cir. 1992)). Despite this deferential standard, and the fact that the Amended Petition is deemed unopposed as to SMS and SCH, the Court must still carefully examine the record as it would in the context of a motion for summary judgment. *See D.H. Blair & Co.*, 462 F.3d at 109. The Court must "determine if [the petitioner] has met its burden of demonstrating that no material issue of fact remains for trial." *Id.* at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)).

II. Analysis

A. Failure to Obtain Counsel

A corporate entity may appear in federal court only through counsel. *See Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (per curiam). Because of this requirement, corporate parties that fail to obtain counsel may be held in default. *See, e.g.*, *N.Y.C. & Vicinity Dist. Council of Carpenters v. Sukhmany Constr. Inc.*, No. 16-cv-06360, 2018 WL 2078479, at *4 (E.D.N.Y. Jan. 29, 2018) (finding default judgment appropriate in the context of a petition to confirm arbitration award, in part because corporation failed to obtain counsel, "which constitute[d] a failure to defend"), *report and recommendation adopted*, No. 16-cv-06360, 2018 WL 1459457 (E.D.N.Y. Mar. 23, 2018). Moreover, the Court may confirm an arbitration award even where no appearance has been made by a corporate respondent. *See, e.g.*, *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Abba Constr. LLC*, No. 22-cv-05699 (JLR), 2022 WL 17555720, at *3 (S.D.N.Y. Dec. 9, 2022) (confirming arbitration award against corporate respondent that failed to appear in action to confirm arbitration award despite "having been provided sufficient notice and extensions of time to respond"); *Acqupart Holding AG v. Rivada Networks, Inc.*, No. 19-cv-03945 (LGS), 2019 WL 2590726, at *1 (S.D.N.Y. June 25, 2019) (granting summary judgment to confirm arbitration award where corporate respondent never appeared); *Tr. of the N.Y.C. Dist. Council of Pension Fund Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Ne. Serv. Grp. Ltd.*, No. 12-cv-02010 (KBF), 2012 WL 2861337, at *1, *3 (S.D.N.Y. July 9, 2012) (granting petition to confirm arbitration award where corporate respondent never appeared in the action and submitted only one letter from the corporate respondent's president).

Here, SMS and SCH were given multiple extensions and opportunities to obtain counsel and failed to do so. Thus, the Court treats Fosun's Amended Petition and motion to confirm the arbitration award as unopposed as to SMS and SCH. The Court further DENIES SMS and SCH's motion to vacate the arbitration award and dismiss the Amended Petition due to their failure to prosecute the motion.

### B. Confirmation of Arbitration Award as to SMS and SCH

The Court finds that summary judgment as against SMS and SCH is appropriate here because there is no material issue of fact in dispute. As explained above, the Amended Petition is deemed unopposed as to SMS and SCH, given that that SMS and SCH were given numerous opportunities and ample time to secure counsel, but failed to do so. *See* ECF Nos. 44, 47, 52.

Fosun timely filed the Amended Petition within one year of the August 5, 2022 Final Award. *See* Am. Pet. ¶ 32; *Photopaint Techs., LLC v. Smartlens Corp.*, 335 F.3d 152, 159-60 (2d Cir. 2003) (holding that "a party to an arbitration is entitled to the benefits of the streamlined summary proceeding" to confirm if "it files at any time within one year after the award is made"). After review of the Amended Petition and supporting documents, the Court finds that there is no genuine issue of material fact precluding summary judgment for Fosun. As Fosun notes, and as Respondents SMS and SCH do not dispute, the Agreements provided for arbitration of any claims related to the Agreements, and after a lengthy arbitration process, the arbitrator issued the Final Award in favor of Fosun. *See generally* Am. Pet.

Based on the record before the Court, there is more than a "colorable justification" for the Award. *Landau*, 922 F.3d at 498 (citation omitted). And the Court has no basis to infer that the arbitrator acted outside the scope of its authority in issuing the Award. Therefore, the undisputed evidence as against SMS and SCH demonstrates that "no material issue of fact

8

remains for trial," and the Court confirms the Final Award in favor of Fosun as against SMS and SCH. *D.H. Blair & Co.*, 462 F.3d at 110 (citation omitted).

### C. Interest

Fosun also seeks awards of post-award pre-judgment interest and post-judgment interest.

"Whether to award prejudgment interest in cases arising under federal law has in the absence of a statutory directive been placed in the sound discretion of the district courts." *Lodges 743 & 1746, Int'l Ass'n of Machinists & Aerospace Workers v. United Aircraft Corp.*, 534 F.2d 422, 446 (2d Cir. 1975). And under New York law, "when a contract provides for interest to be paid at a specified rate until the principal is paid, the contract rate of interest . . . governs until payment of the principal or until the contract is merged in a judgment." *NYCTL 1998-2 Tr. v. Wagner*, 876 N.Y.S.2d 522, 523 (2d Dep't 2009) (citation omitted); *see also Acqupart Holding*, 2019 WL 2590726, at *3 (confirming arbitration award, including award of interest at contractual rate of interest). The Court holds that Fosun should be awarded post-award, pre-judgment interest at a rate of 5% annually compounded, running from the date of the Final Award to the date of this Order. Am. Pet. ¶ 34.

As to post-judgment interest, Petitioner is "entitled to an award of interest as 'an arbitration award confirmed under the FAA bears interest from the date of the award until judgment confirming it.'" *Kupferberg v. Alt. Wealth Strategies, Inc.*, No. 12-cv-05271 (JMF), 2013 WL 989582, at *3 (S.D.N.Y. Mar. 14, 2013) (quoting *In re Arb. Between Westchester Fire Ins. Co. v. Massamont Ins. Agency, Inc.*, 420 F. Supp. 2d 223, 227 (S.D.N.Y. 2005)). "[U]nder 28 U.S.C. § 1961, the federal post-judgment interest rate – not the [rate] set by the Award – must apply once the arbitral award has been reduced to a judgment." *STMicroelectronics, N.V. v. Credit Suisse Sec. (USA) LLC*, No. 09-cv-01388 (DAB), 2010

WL 11526887, at *2 (S.D.N.Y. Aug. 25, 2010), *aff'd in part, vacated in part on other grounds, and remanded*, 648 F.3d 68 (2d Cir. 2011).  The federal statutory-interest rate therefore applies to the Award after the Court's entry of judgment on the Amended Petition.

## CONCLUSION

For the reasons stated above, the Court GRANTS Fosun's Amended Petition and motion to confirm the arbitration award as against only SMS and SCH.  The Court DENIES Respondents SMS and SCH's motion to vacate arbitration award and dismiss the Amended Petition.  Judgment is entered in favor of Fosun and against Respondents SMS and SCH as follows:

(a) The Final Award is confirmed as against SMS and SCH;

(b) Fosun is entitled to post-award, pre-judgment interest at a rate of 5% per annum on the amount of the Final Award from August 4, 2022 until the date of Judgment; and

(c) Fosun is entitled to post-judgment interest at the federal post-judgment interest rate pursuant to 28 U.S.C. § 1961(a) from the date of judgment.

For the avoidance of doubt, the judgment herein applies only to Respondents SMS and SCH, as the case remains stayed as to Respondent Dr. Hajjar.  Fosun is directed to: (1) notify Respondents in this action by serving upon each of them a copy of this Opinion and Order and (2) file proof of such service with the Court by December 15, 2023.

Dated: December 1, 2023
       New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge